COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


ISLAND CREEK COAL COMPANY

                                            OPINION BY
v.    Record No. 0402-00-3          JUDGE JAMES W. BENTON, JR.
                                          JULY 18, 2000
LARRY MILLER


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

    Michael F. Blair (Penn, Stuart & Eskridge, on
    brief), for appellant.

    Susan D. Oglebay for appellee.


     The commission awarded benefits to Larry Miller for coal workers' pneumoconiosis.  Island Creek Coal Company contends the evidence did not support the award.  For the reasons that follow, we affirm the award.

I.

     The parties stipulated that Miller received a communication of a diagnosis of occupational disease on July 13, 1998 and that he was last injuriously exposed to coal dust while working in Island Creek's coal mine.  The record also contains a report from Dr. Kishor Pathak in which he opined, after reviewing Miller's x-rays, that Miller has "simple pneumoconiosis category p/q, 1/2" and emphysema.

     The commission forwarded Miller's x-rays to the Medical College of Virginia's Pulmonary Committee for its review and

report.  The committee consisted of three doctors, all of whom are "B" readers.  See Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989) (noting that "[t]he rating of 'B' apparently denotes a reader of greater proficiency and expertise than 'A' readers"); see also Tiller v. Island Creek Coal Co., 67 VWC 136, 137 (1988) (where the commission has noted that "B" readers are "physicians who have received special training in the interpretation of chest x-rays and the application of the I.L.O. and U.I.C.C. Cincinnati standards which have been adopted by the Commission as a guide in determining [pneumoconiosis]").  The committee reviewed the x-rays and reported that it found parenchymal abnormalities consistent with pneumoconiosis but no pleural abnormalities consistent with pneumoconiosis.  Dr. Kevin R. Cooper, a member of the committee, testified by deposition that Miller's x-ray was typical of mild asbestosis.  Dr. Daniel A. Henry, another member of the committee, also testified by deposition that Miller's x-ray patterns were consistent with asbestosis.  Dr. Henry further testified that the committee does not "know what the exposures are of any of the people whose films that we read."  Three doctors who reviewed Miller's x-ray at Island Creek's request reported that it was negative for pneumoconiosis.

Affirming the deputy commissioner's award to Miller, the commission found as follows:

-

A preponderance of the evidence proved [Miller] has pneumoconiosis. Dr. Pathak believed [Miller] has coal workers' pneumoconiosis. The pulmonary committee, while opining the x-rays were not consistent with coal workers' pneumoconiosis, stated the x-rays were consistent with a number of diseases including asbestosis. Asbestosis is a type of pneumoconiosis.

Since the medical evidence establishes [Miller] has a pneumoconiosis and the employer stipulated he was exposed to coal dust, [Code] § 65.2-504(C) mandates the finding that [Miller] is conclusively presumed to have coal worker's pneumoconiosis. As held in Fleming v. Lambert Coal Co., 74 OWC 183 (1995), where there is a question whether the claimant has coal workers' pneumoconiosis or another type of pneumoconiosis, Code § 65.2-504(C) provides that it shall be conclusively presumed a claimant has coal workers' pneumoconiosis if a claimant with pneumoconiosis is injuriously exposed to coal dust.

Island Creek appeals from this ruling.

II.

Code § 65.2-504(C) provides as follows:

In any case where there is a question of whether a claimant with pneumoconiosis is suffering from coal worker's pneumoconiosis or from some other type of pneumoconiosis such as silicosis, it shall be conclusively presumed that he is suffering from coal worker's pneumoconiosis if he has had injurious exposure to coal dust.

In addition, the Workers' Compensation Act states that "[p]neumoconiosis . . . includ[es] but [is] not limited to silicosis and asbestosis." Code § 65.2-503(B)(17).

-

Applying these statutes to the evidence in the record, the commission ruled that Miller "is conclusively presumed to have coal workers' pneumoconiosis because the majority of experts believe he has some form of pneumoconiosis and the parties have stipulated to his injurious exposure to coal dust."  We hold that credible evidence supports the commission's findings and that the commission's ruling is consistent with Code § 65.2-504(C).  Accordingly, we affirm the award.

Affirmed.